[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN AND SET ASIDE JUDGMENTAND MOTION FOR ARTICULATION AND MOTION FOR DISBURSEMENT FOR FUNDS
A decree of dissolution was entered in this matter on January 19, 1995. The judgment awarded the plaintiff 25% of the net proceeds of the defendant's pending personal injury action. The court also noted that the State of Connecticut claimed an arrearage of $550 which the court so found, subject to an audit, credits and adjustments not recorded. Subsequent to said judgment, the State of Connecticut claimed a lien on the net proceeds of the personal injury action for public assistance payments in the amount of $14,535.10. The defendant has filed a motion to reopen and set aside and the plaintiff has filed a motion for articulation and for disbursement of funds.
The following decision addresses both of these motions.
The plaintiff testified at length at the trial as to the volatile marital relationship. She testified at length as to the physical and verbal abuse inflicted upon her by the defendant as well as the defendant's alcohol problems. As a matter of fact, the plaintiff included in her complaint several counts for marital assault and emotional distress. Based on the evidence presented, the court found that the greater fault for the breakdown of the marriage was attributed to the defendant.
The court further considered the remaining statutory criteria when it considered the issues of alimony and property settlement. The only asset in this marriage was the defendant's personal injury claim which arose out of the defendant's accident in April 1991. The defendant was bedridden for several months as a result of his injury and has a 20% permanent disability of his back.
The plaintiff worked double shifts as a waitress and took on all the marital responsibilities when the defendant was bedridden. She assisted him in his day to day living. Unfortunately, there was no claim made in the defendant's lawsuit for loss of consortium on behalf of the plaintiff. The plaintiff CT Page 1887 has limited work skills and no vocational skills. She was awarded custody of the minor children who are aged eight, two and a half and four years of age. The parties lived together for several years prior to their marriage.
The court determined, based on the evidence presented, that the plaintiff was entitled to some portion of the defendant's recovery, if any. The court was also cognizant of the fact that the defendant was the one with the 20% disability to the back. What amount, if any, that the defendant would recover was unknown at the time of the trial. The court determined that the defendant should have the major share of the proceeds and the plaintiff was also entitled to a share of the proceeds. Rather than award the plaintiff a sum certain, the court awarded the plaintiff a modest percentage of 25% of the net proceeds with 75% going to the defendant.
We are now faced with the problem, what is the net amount? After the trial and before the settlement of the personal injury case, the State put a lien of approximately $15,000 on the defendant's lawsuit under § 17b-94 C.G.S. This assignment of interest to the State takes priority over all other claims except those connected with the lawsuit as itemized in the statute.
Thus, the net proceeds that the defendant received from his personal injury settlement has been further reduced by the amount of the State's mandatory lien.
After the payment of attorney's fees, costs of suit and medical bills of approximately $63,000, and a payment of $7500 to the State of Connecticut for their lien, the defendant is left with net proceeds of $7500.
This sum of $7500 is the only asset of the marriage and it is to this amount that the plaintiff is entitled to a 25% interest.
At the time of the dissolution, the court found an arrears due the State of Connecticut, subject to an audit, credits and adjustments not recorded. Unfortunately, as to all parties, the amount owed the State was substantially in excess of the amount reported to the court at the time of dissolution. And further, unfortunately, the net amount to the defendant as well as to the plaintiff is also substantially less than the parties might have anticipated. However, no one knew what amount, if any, the defendant would receive in his personal injury claim. CT Page 1888
Unfortunately for the defendant, after the payment of his medical expenses, attorney's fees, costs of suit and State of Connecticut lien, the defendant ends up with a very small amount of money and a permanent back disability.
The court determines that the net amount realized by the defendant is the amount after the State of Connecticut lien has been deducted. See also § 17b-94 C.G.S. The plaintiff is entitled to 25% of $7500 or $1875.
This court finds no clear proof of perjury or fraud. There is not a substantial likelihood that the result of a new trial would be different. The plaintiff's one-quarter share is an extremely modest award. If the defendant does not believe that he is liable for repayment of the public assistance payments, that is a matter to be pursued by the defendant against the State of Connecticut in future litigation.
The defendant's motion to reopen and set aside is denied.
The defendant shall remit to the plaintiff $1875 within ten days of date.
The plaintiff is awarded counsel fees of $150 payable within ten days of date.
Coppeto, J.